**Arthur King WILSON, Appellant,**

v.

**UNITED STATES of America,**
Appellee.

No. 15301.

United States Court of Appeals
Ninth Circuit.

April 16, 1958.

Spurgeon Avakian, J. Richard Johnston, H. Helmut Loring, Oakland, Cal., Koerner, Young, McColloch & Dezendorf, Portland, Or., for appellant.

Lloyd H. Burke, U. S. Atty., John Lockley, Asst. U. S. Atty., San Francisco, Cal., for appellee.

Before DENMAN, POPE and BARNES, Circuit Judges.

BARNES, Circuit Judge.

Counsel urge a rehearing, and a recall of our mandate herein dated March 7, 1958, in order to allow such a rehearing. Three cases are cited in support of this position: United States v. Shotwell Mfg. Co., 1957, 355 U.S. 233, 78 S.Ct. 245, 2 L.Ed.2d 234; Lawn v. United States, 1958, 355 U.S. 339, 78 S.Ct. 311, 2 L.Ed. 2d 321; and Mesarosh v. United States, 1956, 352 U.S. 1, 77 S.Ct. 1, 1 L.Ed.2d 1.

United States v. Shotwell Mfg. Co., supra, was a case where defendant was convicted by a jury. The issue remanded had to do with a preliminary question relating to the admissibility of evidence and did not relate to an issue submitted to a jury. Obviously, had it so related, no partial remand to the District Court would have been possible. But in Shotwell, the District Court Judge was authorized to take evidence upon the issue of admissibility of other evidence introduced at the previous trial to make appropriate new findings of fact on that issue, and a new final judgment on that issue.

In Lawn v. United States, supra, it is true the minority, speaking through Mr. Justice Harlan, thought the issue of whether "untainted" duplicates of the "tainted" check and stub were in the hands of the New Jersey Federal authorities should be remanded to the District Court by "partial remand"; while the majority of six thought this action unnecessary because of the lack of the objection to the evidence entered by defendant's counsel at the trial. But we emphasize that the majority thought such partial remand *unnecessary*—nowhere does the majority question the *right* of the appellate court to order such a partial remand.

In Mesarosh v. United States, supra, the majority merely established the rule that had this been a jury trial, we could not properly order a partial remand as to issues passed upon by the jury below (United States v. Shotwell Mfg. Co., supra), although the minority felt under

the circumstances there existing such partial remand would be proper.

This was not a jury trial. The partial remand heretofore ordered is proper. 28 U.S.C. § 2106. Communist Party of United States v. Subversive Activities Control Board, 351 U.S. 115, 76 S.Ct. 663, 100 L.Ed. 1003.

The petition for rehearing is denied; the petition for recall of mandate is denied.