Lloyd H. Burke, U. S. Atty., San Francisco, Cal., for plaintiff.

Spurgeon Avakian, and J. Richard Johnston, Oakland, Cal., for defendant.

**UNITED STATES of America,
Plaintiff
v.
Arthur King WILSON, Defendant.
No. 34803.**

United States District Court
N. D. California, S. D.

July 28, 1958.

GOODMAN, Chief Judge.

Heretofore, the Court adjudged the defendant guilty of six counts of wilfully attempting to defeat and evade the payment of employee income taxes withheld by him from employees' wages. § 2707 (c), Internal Revenue Code of 1939, 26 U.S.C.A. § 2707(c). Sentence was imposed. Upon appeal, the Court of Appeals, reversed the judgment of conviction and remanded the cause to this Court "for reconsideration in accordance with the principles set forth in this opinion, and for further findings by the trial court, after the Government has introduced evidence, if any, and the defendant has been given the right to respond to any new evidence produced by the Government, if he desires to do so." [1]

The Government elected not to introduce any further evidence. Hence the defendant made no evidentiary response. The Court thereupon heard arguments of counsel with respect to the reconsideration of its former decision. I have reconsidered the former decision in the light of the opinion of the Court of Appeals and of the arguments and written suggestions of counsel.

The Court of Appeals, upon the basis of colloquies between the Court and counsel during the trial, determined that the Court applied wrong legal standards at the time of decision. It would be unseemly to question the premise of this Appellate determination. However, there would seem to be uncertainty as

1. 9 Cir., 250 F.2d 312, 326, rehearing denied, 9 Cir., 254 F.2d 391.

to the nature of these colloquies.[2] It is sufficient to say that at the time of decision the Court adjudged the defendant guilty because it was convinced beyond a reasonable doubt that defendant had wilfully and for the evil motive of tax evasion affirmatively committed the acts charged in the indictment.[3]

No special findings, pursuant to Rule 23, F.R.Cr.P., 18 U.S.C.A., were requested. This, of course, means findings requested on specified issues. The opinion of the Court of Appeals recognized that the right to special findings had not been preserved on appeal, but declared that the circumstances of the case required that appellant (defendant) be given "the opportunity to question the propriety of the trial court's conception of the constituent elements of the offense".

### Findings

■ The Court finds that its "conception of the constituent elements of the offense" is the same now as it was at the time of judgment, namely that for a conviction the evidence must show beyond a reasonable doubt the defendant wilfully

2. The opinion states: "The District Court took the position during the course of the trial that the knowing and intentional disbursement to others of funds withheld from the employees for payment of income and Social Security taxes constituted an offense under § 2707(c)."

Excerpts from colloquies during the trial are cited in footnotes in support of this statement. But a careful reading of these excerpts, plus an awareness of the practical nature of trial proceedings, clearly indicates that the court took *no* position with reference to this question but was attempting only to elicit the views of counsel thereon. In fact this was the case.

3. "The Court: In this case of the United States against Wilson No. 34803, the indictment charges the defendant, in six counts, with wilfully attempting to evade and defeat payment of Federal income and social security taxes withheld from the wages of employees of Coast Redwood Company, Inc., a corporation controlled by defendant and members of his immediate family and of which he was president. The six counts concern the second, third and fourth quarters of 1952; three counts deal with withheld income taxes and three counts with withheld social security taxes.

"The charge is laid under Section 2707 (c) Title 26 USC (1939 ed.), which makes it a felony to 'wilfully attempt to evade or defeat payment of taxes.' Section 2707(c) must be distinguished from Section 2707(b), which latter section makes it a misdemeanor to wilfully fail to pay any tax required to be paid. Sections 2707(c) and 2707(b) are replicas of Sections 145(a) and 145(b) of the Internal Revenue Code [26 U.S.C.A. § 145(a, b)].

"The Supreme Court in Spies v. United States, 317 U.S. 492 [63 S.Ct. 364, 87 L. Ed. 418], held that to sustain a conviction under Section 145(b) [1005] of the Internal Revenue Code there must be evidence of 'affirmative' action in order to make out a cause of wilful 'attempt' to evade a tax or payment thereof—a purely negative act of non-payment being insufficient.

"The issue here in this case is whether the government has presented evidence, sufficient to satisfy and meet the 'Spies' standard, which is convincing beyond a reasonable doubt of the defendant's guilt.

"I am satisfied that the evidence shows beyond question that the defendant here knowingly and deliberately set and followed a course of so operating the business of Coast Redwood Company, Inc., as to advantage himself and his companies by the use of the withheld employees' taxes; and that such course of conduct affirmatively constituted wilful evasion of payment of these taxes. This he did with full knowledge and awareness of the nature of his course of action and of its consequences.

"We have not here, as suggested by counsel, a simple case of a merchant engaged in a continually losing business eventuating in unpaid debts to creditors including the United States. In my opinion, this is a flagrant case of a pattern case of evasion knowingly, wilfully and consciously commenced and carried out. Consequently the defendant is guilty of wilfully attempting to evade the payment of the taxes in question *under the standards fixed by the United States* [1006] *Supreme Court.*

"The motion for judgment of acquittal is denied. The motion to strike Exhibit 43(a), which has not already been ruled on, is denied.

"The Court finds the defendant guilty on all six counts of the indictment." R. pp. 962, 963.

and with the evil affirmative motive of tax evasion committed the acts charged in the indictment in violation of section 2707(c) of the Internal Revenue Code of 1939.

The Court was and is convinced beyond a reasonable doubt and finds that the defendant wilfully and with the evil motive of tax evasion did commit said acts.

### Decision

Wherefore the Court adjudges the defendant guilty of the charges set out in counts 1 to 6 inclusive of the indictment.