**Arthur King WILSON, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 16184.**

United States Court of Appeals Ninth Circuit.

March 10, 1959.

Spurgeon Avakian, J. Richard Johnston, H. Helmut Loring, Oakland, Cal., Koerner, Young, McCulloch & Dezendorf, Portland, Or., for appellant.

Robert H. Schnacke, U. S. Atty., Clyde R. Maxwell, Jr., Asst. Regional Counsel, Robert G. Thurtle, Attorney, Internal Revenue Service, San Francisco, Cal., for appellee.

Before POPE, Circuit Judge, DENMAN, Senior Circuit Judge, and BARNES, Circuit Judge.

DENMAN, Senior Circuit Judge.

Wilson appeals a second time from his conviction of six counts of felony in a judge-tried case in which the court held that he had "wilfully" violated Section 2707(c) of the Internal Revenue Code of 1939, 26 U.S.C.A., as made applicable by Sections 1430 and 1636 of that code, 26 U.S.C.A. §§ 1430, 1636. Counts One, Two, and Three related to income taxes allegedly withheld and not paid over, in the respective amounts of $49,913.33, $15,605.48, and $41,149.38. Counts Four, Five and Six dealt with F.I.C.A. taxes allegedly withheld and not paid over, in the respective sums of $5,559.95, $3,807.79 and $2,043.69.

The identical pertinent portions of each count of the indictment charged that Wilson had wilfully evaded the payment of taxes as follows:

"* * * by failing and refusing to pay said * * * taxes withheld from wages of employees

to the Collector of Internal Revenue or any other person authorized by law to receive them, and by causing said corporation to fail and refuse to pay said taxes, and by withdrawing and causing funds to be withdrawn from the bank accounts of said corporation for the personal use and benefit of said defendant and corporations owned and controlled by said defendant and members of his family, and by causing said corporation to pay creditors other than the United States * * *"

The pertinent portions of Section 2707 (c) are as follows:

"Any person required under this subchapter to collect, account for and pay over any tax imposed by this subchapter, who willfully fails to collect or truthfully account for and pay over such tax, and any person who willfully attempts in any manner to evade or defeat any tax imposed by this subchapter or the payment thereof, shall, in addition to other penalties provided by law, be guilty of a felony * * *."

In our former opinion on Wilson's appeal from his original conviction,[1] we held that the defendant's acts to be wilful must be done "with evil motive, bad purpose or corrupt design", and that the District Court had failed to consider the evidence with a proper conception of the required motive, purpose or design. Instead of ordering a new trial we ordered the court to reconsider the evidence in the following language:

"The case is remanded to the District Court for *reconsideration in accordance with the principles set forth in this opinion,* and for further findings by the trial court, after the Government has introduced evidence, if any, and the defendant has been given the right to respond to any new evidence produced by the Government, if he desires to do so." [2] [Emphasis added.]

By the time our order came to the District Court two years had elapsed since the trial of the case and the District Court stated, " * * * it is impossible for a court, any more than a jury, to render a new decision on the same facts two years after the event." The statement seems justified since even with a transcript of the testimony, the expression, manner and conduct of the witnesses are most unlikely to be clearly remembered.

However, instead of ordering a new trial the District Court construed our opinion to require no more of it than that it find "that its 'conception of the constituent elements of the offense' is the same now as it was *at the time of judgment,* namely that for a conviction the evidence must show beyond a reasonable doubt the defendant wilfully and with the evil affirmative motive of tax evasion committed the acts charged in the indictment in violation of Section 2707(c) of the Internal Revenue Code of 1939." [Emphasis added.] Thus the District Court misconstrued the mandate of this court.

Since it now appears that it is not possible for the District Court to adjudge the evidence under our required construction of the law the judgment is reversed and a new trial ordered.

(This opinion was written by Judge DENMAN and concurred in by both his associates, POPE and BARNES, Circuit Judges, prior to his death.)

1. 9 Cir., 250 F.2d 312, 319, 9 Cir., 254 F. 2d 391.

2. No new findings were requested.