**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Stanford Robert POLL, Defendant-Appellant.**

No. 74–2674.

United States Court of Appeals, Ninth Circuit.

July 14, 1975.

---

James McGuire (argued), Seattle, Wash., for defendant-appellant.

Kelly Corr, Asst. U. S. Atty. (argued), Seattle, Wash., for plaintiff-appellee.

## OPINION

Before DUNIWAY and SNEED, Circuit Judges, and ANDERSON,* District Judge.

SNEED, Circuit Judge:

Appellant was charged in a two-count indictment for willfully causing P. B. Industries, Inc., a corporation of which he was president, to fail to truthfully account for and pay over employees' federal income withholding taxes on wages and social security (FICA) taxes for the first two quarters of 1973 in violation of 26 U.S.C. § 7202. That section is as follows:

§ 7202. *Willful Failure To Collect Or Pay Over Tax.*

Any person required under this title to collect, account for, and pay over any tax imposed by this title who willfully fails to collect or truthfully account for and pay over such tax shall, in addition to other penalties provided by law, be guilty of a felony and, upon conviction thereof, shall be fined not more than $10,000, or imprisoned not more than 5 years, or both, together with the costs of prosecution. Aug. 16, 1954, c. 736, 68A Stat. 851.

The case was tried on stipulated facts and appellant was convicted on both counts. The stipulation is set out in the margin.[1] Appellant here contends that § 7202 requires proof of both a willful failure to truthfully account and a willful failure to pay over and argues that

---

* Honorable J. Blaine Anderson, United States District Judge for the District of Idaho, sitting by designation.

1. It is stipulated and agreed between the parties that the following matters may be considered as evidence without the necessity for further proof:

(1) During the year 1973, the defendant, Stanford Robert Poll, was the president of P. B. Industries, Inc., a corporation. During the first quarter of the year 1973, ending on March

his failure to pay over cannot be considered "willful" in light of his offer to prove that the corporation lacked the liquid resources to pay the full amounts due and that he intended to make up the deficiencies later.

The district court denied the offer of proof and held that the stipulation established a violation of § 7202. The memorandum decision of the district court states:

> The court finds and holds such offered evidence is irrelevant and inadmissible, because § 7202 requires that the failure to truthfully account for and pay over the taxes be done 'willfully,' and such term does not require proof of an intent to defraud the Government, *United States v. Klee*, No. 73–2741 [494 F.2d 394] (9th Cir., 3/28/74 at p. 2), but 'connotes a voluntary, intentional violation of a known legal duty' accompanied by a 'bad purpose or evil

motive.' *United States v. Bishop*, 412 U.S. 346 at 360, 361 [93 S.Ct. 2008, 36 L.Ed.2d 941] (1973).

These actions raise two questions: *viz.* whether the foregoing definition of "willfully" is correct and whether the evidence offered to rebut the presence of willfulness was irrelevant and inadmissible. We hold that the definition is substantially correct but that the evidence offered is relevant under that definition and therefore admissible. The conviction is reversed and we remand to the district court for further proceedings consistent with this opinion.

We recently considered the meaning of "willfully," as it relates to a criminal penalty provided by the Internal Revenue Code, in *United States v. Hawk*, 497 F.2d 365 (9th Cir.), *cert. denied*, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974). There we approved the following charge with respect to willfulness in a prosecu-

31, 1973, the corporation had a gross payroll of $77,266.51, from which the corporation should have deducted and collected Federal Income Taxes and Federal Insurance Contribution Act taxes in the amount of $14,892.43; this amount was shown on the corporate books as having been withheld from wages. On or about April 30, 1973, within the Western District of Washington, P. B. Industries, Inc., mailed to the Internal Revenue Service a return, IRS Form 941, showing the amount withheld during the quarter as $4,166.37. This sum, plus an additional $1,315.17 for employer's FICA contribution, was remitted to the Internal Revenue Service. The defendant, knowing that approximately $15,000.00 was owed to the Internal Revenue Service for the first quarter of 1973, directed that payment be made in the approximate amount of $5,000.00. To accomplish this result, only one-third of the payroll was shown on the return, which Poll knowingly signed.

(2) During the second quarter of the year 1973, ending on June 30, 1973, the corporation had a gross payroll of $82,631.21, from which it should have deducted and collected Federal Income Taxes and Federal Insurance Contribution Act taxes in the sum of $15,599.78; this amount was shown on the corporate books as having been withheld from wages. On or about August 8, 1973, within the Western District of Washington, P. B. Industries, Inc., mailed to the Internal Revenue Service a return, IRS Form 941, showing the amount withheld during the quarter as $10,726.86. This sum, together with $3,204.92 for employer's

FICA contribution, was remitted to the Internal Revenue Service. The defendant, knowing that approximately $15,000.00 was owed to the Internal Revenue Service for the second quarter of 1973, directed that only the amount unpaid for the first quarter be paid. To accomplish this result, the remaining two-thirds of the first quarter payroll was shown on the second quarter return.

(3) The defendant contends, and would introduce evidence tending to show, that the corporation lacked the liquid resources to pay the full amounts due, and that defendant intended to make up the deficiencies later, and in any event by January 31, 1974.

(4) The Government contends, and would introduce evidence tending to show, that the defendant did not intend to make up the deficiencies later and would not have done so had the deficiencies not been discovered.

(5) The Internal Revenue Service first interviewed the defendant concerning these matters on August 24, 1973, the deficiencies were made up (exclusive of interest and penalties) on May 10, 1974.

(6) The parties have entered into this stipulation for the sole purpose of obtaining a ruling on the legal issue what constitutes "willfulness" in the context of the facts of the present case. It is understood that the stipulation does not preclude the parties from putting on any evidence material to the cause, including the matters covered herein, in the event that the "willfulness" issue is finally resolved in favor of the defendant and the matter goes to trial on the factual issue what his intent was.

tion for failure to file income tax returns under 26 U.S.C. § 7203.

Now, we come to specific intent and willfulness. The specific intent of willfulness is an essential element of the crime of failing to make an income tax return. The term "willfully" used in the statute . . . means voluntary, purposeful, deliberate, and intentional as distinguished from accidental, inadvertent, or negligent. Mere negligence, even gross negligence, is not sufficient to constitute willfulness under this criminal law.

. . . The failure to make a timely return is willful if the defendant's failure to act was voluntary and purposeful and with the specific intent to fail to do what the law requires (sic) to be done; *that is to say, with the bad purpose to disobey or disregard the law* that requires him to disclose to the Government facts and (sic) material to the determination of his income tax liability. . . .

There is no necessity that the Government prove that the defendant had the intention to defraud it or to evade the payment of any taxes for the defendant's failure to file to be willful under this provision of law. That is, the intention to avoid the law or to pay the taxes constitutes the crime charged by each of these counts as long as it is willful and knowing as I have defined the term for you. On the other hand, the defendant's conduct is not willful if you find that he failed to file a return because of negligence, inadvertence, accident, or due to his good faith misunderstanding of the requirements of the law, if there was such misunderstanding. (Emphasis added.) 497 F.2d at 366 n. 2.

We held that it was not error to fail to include the words "and/or evil motive" in the emphasized portion of the above quoted charge. *See also United States v. Ducharme,* 505 F.2d 691, 693 (9th Cir. 1974); *Cooley v. United States,* 501 F.2d 1249, 1252–53 (9th Cir. 1974).

█ The definition of "willfully" employed by the trial court here does not depart significantly from that which we approved in *Hawk.* The offense charged here, however, is different from that in *Hawk.* There the offense charged was a *willful failure to file federal income tax returns.* Here it is a *willful failure to truthfully account for and pay over* taxes required to be withheld. Both the failure to truthfully account for and to pay over must be willful. We believe, and so hold, that the defendant's offer of proof regarding the liquid resources of the corporation and his intention to make up the deficiencies later was relevant and admissible in his effort to refute the willfulness of the failure to pay over. *Hawk,* addressed to a crime not involving a failure to pay, is not contrary to this holding.

█ We are guided by *United States v. Andros,* 484 F.2d 531, 533 (9th Cir. 1973) where we held that the financial circumstances of the accused are relevant in determining whether the failure to pay taxes is willful. Our decision in *Andros,* which involved prosecution of a willful failure to pay a tax under 26 U.S.C. § 7203, is rooted in *Spies v. United States,* 317 U.S. 492, 497–98, 63 S.Ct. 364, 367, 87 L.Ed. 418 (1943) where the Court observed:

The difference between willful failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and evade one, which is made a felony, is not easy to detect or define. Both must be willful, and willful, as we have said, is a word of many meanings, its construction often being influenced by its context, *United States v. Murdock,* 290 U.S. 389, 54 S.Ct. 223, 78 L.Ed. 381. It may well mean something more as applied to nonpayment of a tax than when applied to failure to make a return. Mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of willfulness. But in view of our traditional aversion to imprisonment for debt, we would not without the clearest manifestation of Congressional intent assume that mere knowing

and intentional default in payment of a tax, where there had been no willful failure to disclose the liability is intended to constitute a criminal offense of any degree. *We would expect willfulness in such a case to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer.* (Emphasis added.)

As *Andros* indicates, the relevance of the taxpayer's financial circumstances is not limited to instances in which he is charged with tax evasion under 26 U.S.C. § 7201. Nor do we think such circumstances are irrelevant to the proof of willfulness under 26 U.S.C. § 7202. We believe that to establish willfulness the Government must establish beyond a reasonable doubt that at the time payment was due the taxpayer possessed sufficient funds to enable him to meet his obligation or that the lack of sufficient funds on such date was created by (or was the result of) a voluntary and intentional act without justification in view of all the financial circumstances of the taxpayer.

Neither the legislative history of 26 U.S.C. § 7202[2] nor the reported cases

---

**2.** The first predecessor provision to § 7202 appears to be § 1004 of the Revenue Act of 1917 which applied to "whoever . . . fails to collect or truly to account for and pay over" any tax imposed by that Act. § 1004 provided a penalty of not more than $1,000 or imprisonment for not more than one year, or both, for failure "to collect [etc.]" and an additional penalty of double the tax "not collected [etc.]." No requirement of willfulness was set out in § 1004. The committee reports which accompanies the 1917 Act do not comment on the reasons for the specification of this new tax crime but it is reasonable to assume that § 1004 was prompted by the comprehensive scheme of excise taxes in the 1917 Act which placed the responsibility for collection on the vendor or manufacturer. *E. g.,* §§ 315 (carbonated drinks), 500–03 (transportation and public utilities), 702 (admissions and dues).

The misdemeanor criminal penalty was continued in § 1308(b) of the Revenue Act of 1918 but a scienter requirement was added. § 1308(b) imposed a fine of not more than $10,000 or imprisonment for not more than one year, or both, together with the costs of prosecution on "Any person who willfully refuses to . . . collect, or truly account for and pay over" any tax imposed by specified titles concerning excise and special taxes. Such willful refusal also resulted in a penalty of the amount of the tax not "collected [etc.]" under § 1308(c). § 1308(a) provided a penalty of not more than $1,000 for failure "to collect [etc.]" with no requirement of willfulness. The legislative history is silent on the reasons for these changes and the new emphasis on willful refusals rather than mere failure to collect or truly account for and pay over. § 1308 was reenacted as § 1302 of the Revenue Act of 1921 without change.

The penalties for failure "to collect [etc.]" were substantially changed by the Revenue Act of 1924. From the committee reports it appears that the House bill contained penalties substantially similar to the 1918 and 1921 Acts. *See* H.R.Rep.No.179, pp. 45–46, 68th Cong. 1st Sess. (1924). The Senate, however, added a number of amendments which became part of the final Act. The stated purpose of these amendments was to provide "a complete system of penalties." H.R.Rep.No.844, at 32. This system began the distinction between felonies and misdemeanors in the revenue laws and penalized willful "failures" rather than "refusals." § 1017(a) of the 1924 Act designated willful failure to pay, make a return, keep records, or supply information as misdemeanors. § 1017(b) set out two felonies punishable by a fine of not more than $10,000, imprisonment for not more than five years, or both, together with the costs of prosecution. These two felonies were the willful failure "to collect or truthfully account for any pay over" any tax and the willful attempt to defeat or evade any tax. § 1017(c) set out a third felony with the same punishment for aiding in the preparation of a false return or other document. Other than the need for a "complete system of penalties" the committee reports give no explanation for these major changes. It is clear, however, that Congress perceived a difference between those persons who had the duty to "pay" and those required "to collect, account for and pay over." Breach of the duty to pay was penalized as a misdemeanor. Breach of the duty to collect, *etc.,* was penalized as a felony and was considered to be deserving of the same punishment meted out to tax evaders and those who aid in preparing fraudulent returns.

The 1924 Act also made certain changes in the civil penalties applicable to the failure "to collect [etc.]." The penalty of up to $1,000 that had been provided in § 1308(a) of the 1918 Act for mere failure "to collect [etc.]," with no requirement of willfulness, was dropped because this additional penalty was "usually disproportionate to the offense." S.Rep.No.398, at 45. § 1017(d) provided a civil penalty of the amount of the tax not collected, *etc.,* where there was a willful failure to

thereunder[3] are inconsistent with our holding.

Reversed and Remanded.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Robert STEVENS, Defendant-Appellant.**

No. 74–1592.

United States Court of Appeals, Sixth Circuit.

Aug. 15, 1975.

collect, *etc.* This penalty was continued in the revenue laws and now appears as § 6672 of the 1954 Code.

The system of criminal penalties set out in § 1017 of the 1924 Act was continued in subsequent revenue legislation. § 1114 of the 1926 Act; § 146 of the 1928 Act; § 145 of the Acts of 1932, 1934, 1936, 1938.

The felony penalty for willful failure "to collect or truthfully account for and pay over" appeared in various sections of the 1939 Code, each such section being applicable to taxes imposed under specified chapters or subchapters. §§ 145(b) (income tax); 894(b)(2)(C) (estate tax); 1718(b) (admissions and dues); 1821(a)(2) (documents, playing cards); 2557(b)(3) (narcotics); 2707(c) (firearms). Cross-referencing made the penalties of these sections applicable to persons engaged in the collection of other taxes. For example, the penalties of § 1821 and § 2707 were made applicable to social security (FICA) taxes by § 1430 and to the withholding tax on wages by § 1627.

The multiplicity of the 1939 Code was ended by § 7202 of the 1954 Code which makes the felony penalty applicable to the willful failure "to collect or truthfully account for and pay over" any tax imposed by Title 26.

In researching the penalty in question from its origin in § 1004 of the 1917 Act to its present form we have discovered no significant legislative history which bears on the issues presented by appellant. There is then no justification for departing from the willfulness standard of *Bishop, Spies* and *Andros, supra.*

3. The first reported prosecution for willful failure to truthfully account for and pay over withholding taxes appears to have been *Wilson v. United States,* 250 F.2d 312 (9th Cir. 1958), *rehearing denied,* 254 F.2d 391 (9th Cir. 1958), *on remand,* 172 F.Supp. 93 (N.D.Cal. 1958), *reversed,* 264 F.2d 74 (9th Cir. 1959). In *Wilson* we said that "there does not appear to be a single reported decision involving a felony prosecution for failure to pay withholding taxes." 250 F.2d at 314. The situation has changed but little since. In *Abdul v. United States,* 254 F.2d 292 (9th Cir. 1958), we mentioned that the appellant had been acquitted of charges under § 7202 with regard to withholding taxes. *United States v. Porth,* 426 F.2d 519 (10th Cir.), *cert. denied,* 400 U.S. 824, 91 S.Ct. 47, 27 L.Ed.2d 53 (1970), affirms a § 7202 conviction for withholding tax violations. To our knowledge these cases are the sum of reported prosecutions under § 7202 as applied to withholding taxes.

Barry L. Howard, May, Burston, May & Greenspan, Detroit, Mich., for defendant-appellant.

Ralph B. Guy, Jr., U. S. Atty., Robert D. Sharp, Asst. U. S. Atty., Peter Rosen, DEA Strike Force, Detroit, Mich., for plaintiff-appellee.

Before EDWARDS and ENGEL, Circuit Judges, and CECIL, Senior Circuit Judge.

The result reached here does not conflict with *Porth.* The appellant there apparently never asserted a lack of funds to pay the tax or an intent to pay later. It appears that Porth's entire defense was the asserted unconstitutionality of the federal taxing power. *See* 426 F.2d at 523. The result is consistent with *Wilson, supra.* The appellant in *Wilson* had filed truthful and accurate withholding returns unaccompanied by payment. Construing § 2707(c) of the 1939 Code, we there said, "Since appellant both collected and accounted for the withheld monies, conviction under this [statute] can be predicated only on the willful attempt to evade or defeat the payment of the taxes." 250 F.2d at 318. We continue to regard the crime as requiring two failures to act, willful failure to truthfully account *and* willful failure to pay over.