**The STATE of Texas, Appellant,**

v.

**Parker McVICKER, Appellee.**

**No. 8010.**

Court of Civil Appeals of Texas, Beaumont.

June 30, 1977.

Rehearing Denied July 28, 1977.

Wayne H. Paris, Austin, for appellant.

Rex Houston, Henderson, for appellee.

STEPHENSON, Justice.

This is an appeal by a Grievance Committee of the State Bar of Texas (plaintiff) from an order of the trial court suspending defendant, Parker McVicker, from practicing law for a period of six months.

The very brief record before us shows that it was stipulated that defendant failed to timely make and file his income tax return for the calendar year 1972. A judgment of conviction was admitted in evidence, showing defendant plead guilty to the offense of willfully and knowingly failing to make an income tax return for the calendar years 1971 and 1972. The defendant was assessed punishment of one year imprisonment of which he was required to serve a minimum of four months; he was placed on probation for two years and assessed a fine of $5,000 and ordered to pay all taxes, plus penalty and interest. Then, on the question of punishment, it was stipulated below that defendant willfully failed to timely make and file income tax returns for the years 1968, 1969, 1970, and 1971. No other evidence was heard.

Plaintiff's first point of error is that the trial court erred in not entering an order disbarring defendant. Tex.Rev.Civ.Stat. Ann. art. 320a–1 § 6 (1973) provides, in essence, that upon proof of a final conviction of any felony involving moral turpitude "or of any misdemeanor involving the theft, embezzlement, or fraudulent appropriation of money or other property" the district court shall enter an order disbarring him. The crime to which defendant plead guilty is a misdemeanor, and plaintiff argues that it involves theft or fraudulent appropriation of money.

Both sides agree that this precise question has not been passed upon in Texas or in any jurisdiction they have found. Apparently, most statutes in other states provide for disbarment in case of conviction of either a felony or misdemeanor involving moral turpitude and do not specifically name the misdemeanor crimes. Also, the states are pretty evenly divided as to whether the crime to which defendant plead guilty is a misdemeanor involving moral turpitude. See Annotations: "Attorney—'Moral Turpitude'—Tax Offense", 63 A.L.R.3d 476 (1975); and "Attorneys—Tax Offense as Misconduct", 63 A.L.R.3d 512 (1975). It is obvious that the Texas Statute is narrower in its coverage than those which do not specify the crime.

It is well established Federal law that a conviction for willful failure to timely file an income tax return does not require proof of an intent to defraud the government. *Sansone v. U. S.,* 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965); *U. S. v. Fahey,* 411 F.2d 1213 (9th Cir.), cert. denied, 396 U.S. 957, 90 S.Ct. 430, 24 L.Ed.2d 422, (1969); *U. S. v. Hawk,* 497 F.2d 365 (9th Cir.), cert. denied, 419 U.S. 838, 95 S.Ct. 67, 42 L.Ed.2d 65 (1974); *U. S. v. Klee,* 494 F.2d 394 (9th Cir.), cert. denied, 419 U.S. 835, 95 S.Ct. 62, 42 L.Ed.2d 61 (1974). See also, *U. S. v. Pomponio,* 429 U.S. 10, 97 S.Ct. 22, 50 L.Ed.2d 12 (1976); and 26 *U.S.C.A.* § 7206(1) (1967).

We cannot agree with the construction plaintiff proposes for the Statute in question. The wording is not elastic enough to include the crime of willful failure to file an income tax return within the prescribed crimes, theft, and fraudulent appropriation of money. If the Legislature of the State of Texas had such a crime in mind, it could easily have done a better job of including it. We agree with the trial court that compulsory disbarment was not required upon conviction of the crime in question.

Plaintiff has two other points of error. Plaintiff urges that the trial court erred in failing to find defendant's conduct was prejudicial to the administration of justice and that the trial court abused its discretion in not assessing a more severe penalty under the facts of this case. These points are overruled.

The term "prejudicial to the administration of justice" is not easily understood, but we have concluded it has no application to the situation before this court. We do not find the trial judge abused his discretion in assessing a term of six months suspension under the facts of this case.

AFFIRMED.