UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 01-4217

JIMMY O. DESKINS,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Southern District of West Virginia, at Charleston.
Joseph Robert Goodwin, District Judge.
(CR-98-94-2)

Submitted: August 31, 2001

Decided: October 15, 2001

Before WIDENER and NIEMEYER, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Mary Lou Newberger, Acting Federal Public Defender, Edward H. Weis, First Assistant Federal Public Defender, Charleston, West Virginia, for Appellant. Charles T. Miller, United States Attorney, Stephanie D. Thacker, Special Assistant United States Attorney, Charleston, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Jimmy O. Deskins appeals the district court's order affirming his conviction and sentence for his willful failure to pay child support obligations in violation of the Deadbeat Parents Punishment Act. 18 U.S.C.A. § 228 (West 2000). On appeal, Deskins suggests that the evidence was insufficient to prove the willful nature of his failure to pay and challenges the magistrate judge's calculation of the amount of restitution. Finding no merit to either claim of error, we affirm Deskins' conviction and sentence.

As a defendant challenging his conviction on the sufficiency of the evidence, Deskins bears a heavy burden. *See United States v. Hoyte*, 51 F.3d 1239, 1245 (4th Cir. 1995). "To sustain a conviction[,] the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." *United States v. Brewer*, 1 F.3d 1430, 1437 (4th Cir. 1993); *see also Glasser v. United States*, 315 U.S. 60, 80 (1942). The reviewing court considers circumstantial as well as direct evidence and the government is given the benefit of all reasonable inferences from the facts proven to those sought to be established. *See United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982). "[A]n appellate court's reversal of a conviction on grounds of insufficient evidence should be confined to cases where the prosecution's failure is clear." *United States v. Jones*, 735 F.2d 785, 791 (4th Cir. 1984) (quoting *Burks v. United States*, 437 U.S. 1, 17 (1978)).

Our review of the record and the transcripts of the trial before the magistrate judge reveal no such failure of the evidence. As the district court correctly noted, the evidence of Deskins' conduct in the face of his financial obligation to his children amply demonstrates the willful nature of his actions under even the most stringent definition of the

term. *See United States v. Poll*, 521 F.2d 329, 333 (9th Cir. 1975). Deskins' conviction was supported by sufficient evidence.

We also find that the magistrate judge fully complied with the statute in determining the amount of restitution owed as a result of Deskins' conviction. *See United States v. Bailey*, 115 F.3d 1222, 1232 (5th Cir. 1997). The magistrate judge properly declined Deskins' invitation to engage in a collateral review of the state's determination of Deskins' arrearage. *See id.*; *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997). There is no error in the restitution order in this case.

Accordingly, Deskins' conviction and sentence are hereby affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*