**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Thomas Peter LONG, Defendant—Appellant.**

**United States of America, Plaintiff—Appellant,**

v.

**Thomas Peter Long, Defendant—Appellee.**

No. 01–10084, 01–10181. D.C. No. CR–00–00462–EHC. D.C. No. CR–00–00462–1–EHC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 14, 2002.

Decided May 30, 2002.

Before SNEED, BRUNETTI, and T.G. NELSON, Circuit Judges.

### MEMORANDUM *

Long appeals three of the district court's rulings that occurred during his trial for violating the Child Support Recovery Act (CSRA).[1] The Government appeals the district court's restitution order. We affirm the district court as to its rulings during trial but vacate the restitution order.

#### A. *Exclusion of Evidence*

■ Long's argument that the district court should have allowed him to present evidence of his ex-wife's refusal to let him see their children, in violation of the divorce decree, fails. The only elements the Government had to prove were that the defendant had a legal duty to pay child support, knew of that duty, and voluntarily and intentionally violated that duty.[2] Evidence that he had an excuse for his intentional failure to pay is not relevant. A failure to pay is only justified if it is an unintentional failure due to a legitimate inability to pay the support obligation.[3] Long's justification for not paying had nothing to do with an inability to pay. Therefore, the district court did not err in ruling that the evidence was inadmissible because it was irrelevant.

#### B. *Brady Violation*

■ The Government concedes that it suppressed evidence that was favorable to the accused. However, the suppression did not prejudice Long.[4] Prejudice entails a "reasonable probability that the result of the trial would have been different if the suppressed documents had been disclosed

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. 18 U.S.C. § 228(a).

2. *See United States v. Ballek*, 170 F.3d 871, 873–74 (9th Cir.1999) (noting that the CSRA is violated by willfully failing to pay a known child support obligation and citing H.R.Rep. No. 102–771, at 6 (1992) for the definition of willful).

3. *Ballek*, 170 F.3d at 874 (discussing H.R.Rep. No. 102–771, at 6 (quoting *United States v. Poll*, 521 F.2d 329, 333 (9th Cir. 1975))).

4. A *Brady* violation occurs when the Government suppresses evidence, the evidence is favorable to the accused, and the suppression results in prejudice. *Strickler v. Greene*, 527 U.S. 263, 281–82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

to the defense."[5] Here, the evidence that Long made fifteen payments over the course of four years would not have greatly impeached his ex-wife's testimony because she testified that she received a couple of payments a year off and on through the years. The evidence also would not have impeached Agent Killigrew's testimony because he did not know about the payments until after trial. Therefore, his testimony at trial was truthful. In addition, the evidence would not have undermined Agent Killigrew's investigation because the agent did not need to know how much Long had paid in the past, but only how much he still owed, which was documented in the Arizona state court order. Finally, even after subtracting the payments from Long's past-due support, Long still owed almost $40,000, well over the threshold amount needed to find that Long violated the statute.

### C. *Basurto Violation*

 Long also claims that the court should have dismissed his indictment because of false testimony to the grand jury.[6] This argument fails as well because the testimony was neither perjured nor material. At the grand jury hearing, Agent Webre testified truthfully because she had no knowledge of the sporadic payments made between 1988 and 1991 nor of the tax refund interceptions in 1996 and 1997.[7] In addition, the omitted information was not material because the Arizona state court order established that, even with those payments, Long still owed more than the threshold amount of $10,000. Thus, the allegedly erroneous testimony was not " 'sufficiently material to justify holding that it substantially influenced the grand jury's decision to indict.' "[8]

### D. *Restitution Order*

 The Government appeals the district court's restitution order because the court modified the Arizona state court order. We agree with the Government. Federal courts cannot modify child support orders; the non-custodial parent must apply to the state court for any such modification.[9] The district court had no authority to redefine the terms of the divorce decree when the Arizona state court had previously interpreted those terms in a support order. We vacate the restitution order and remand with instructions for the district court to recalculate the restitution based on the Arizona state court's interpretation of the divorce decree.

AFFIRMED in part, REVERSED in part, and REMANDED.

---

5. *Id.* at 289, 119 S.Ct. 1936 (internal quotation marks omitted).

6. If an indictment is based on perjured testimony that is material to the indictment, the defendant's due process rights have been violated. *United States v. Basurto,* 497 F.2d 781, 785 (9th Cir.1974).

7. *See United States v. Mohawk,* 20 F.3d 1480, 1483 n. 2 (9th Cir.1994) (holding that erroneous grand jury testimony did not create im-

proper indictment partly because "[n]othing in the record before us suggests that the officer knowingly gave or the prosecution knowingly used false testimony before the grand jury").

8. *Id.* (quoting *United States v. Spillone,* 879 F.2d 514, 524 (9th Cir.1989)).

9. *United States v. Craig,* 181 F.3d 1124, 1128 (9th Cir.1999) (discussing *Ballek,* 170 F.3d at 875).