**UNITED STATES of America,
Appellee,**

**v.**

**Percy C. MAGNUS, Appellant.**

**No. 410, Docket 30087.**

United States Court of Appeals
Second Circuit.

Argued June 22, 1966.

Decided Sept. 20, 1966.

See also 2 Cir., 299 F.2d 335; 2 Cir., 311 F.2d 12.

---

Neal J. Hurwitz, Asst. U. S. Atty., New York City (Robert M. Morgenthau, U. S. Atty. for the Southern District of New York, and John E. Sprizzo, Douglas S. Liebhafsky, Asst. U. S. Attys., New York City, on the brief), for appellee.

Boris Kostelanetz, New York City (Kostelanetz & Ritholz, Lloyd A. Hale, and Louis Bender, New York City, on the brief), for appellant.

Before LUMBARD, Chief Judge, and MOORE and FEINBERG, Circuit Judges.

LUMBARD, Chief Judge.

The appellant, Percy C. Magnus, stood trial in the Southern District of New York on nine counts, three charging the felony of wilfully attempting to evade and defeat his federal income taxes for the three years 1955, 1956, and 1957, in violation of 26 U.S.C. § 7201, three charging the misdemeanor of wilfully failing to file federal income tax returns for the same years, in violation of 26 U.S.C. § 7203, and three charging the misdemeanor of wilfully failing to pay federal income taxes for the same years, also in violation of 26 U.S.C. § 7203. Magnus appeals his conviction on the three counts alleging wilful failure to pay, and his six-month sentence on each count, to run concurrently. The jury acquitted Magnus on the felony counts and on the counts charging wilful failure to file returns.

Magnus conceded his failure to pay federal income taxes due in the amounts of approximately $26,000 for 1955, $33,-000 for 1956, and $27,000 for 1957.[1] Thus the only question for the jury on the failure to pay counts was whether Magnus' failures to pay were knowing and wilful.

Magnus alleges five grounds for reversal of his conviction: (1) the trial court should have granted judgment of acquittal; (2) acquittal was required on the failure to pay counts under the rationale of Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965), because the jury acquitted Magnus on the felony charges; (3) the trial court erred in its charge defining the wilfulness required for the failure to pay counts; (4) the trial court erred in its instructions regarding Magnus' subsequent payment of his federal income taxes for 1955, 1956, and 1957; and (5) evidence was admitted regarding Magnus' failures to pay taxes, both federal and state, for eleven years prior to 1955. We find no errors in the rulings of the trial court, and affirm the convictions.

The question whether Magnus' admitted failures to pay substantial taxes due for the years 1955, 1956, and 1957 were wilful was for the jury. Magnus argues that the testimony of Cummings, who prepared personal income tax returns for Magnus for those years, precluded a jury finding that Magnus knew of or authorized the failures to pay. Cummings testified, however, that he presented the completed returns to Magnus and told him how much was due, that Magnus had not authorized him to draw checks to pay Magnus' income taxes, and that Magnus told him in 1949 that he would not file a declaration of estimated tax. The credibility of this testimony was a question for the jury. Moreover, there was substantial testimony probative of wilfulness other than that of Cummings. There was proof, for example, that Magnus underpaid his taxes by at least $20,000 for every year between 1948

---

1. It was stipulated that Magnus received gross incomes of approximately $127,000 in 1955, $126,000 in 1956, and $125,000 in 1957, and that the amounts of tax withheld from his corporate salary were about $28,000 in 1955, $18,000 in 1956, and $27,000 in 1957.

and 1954, in addition to his conceded underpayments for 1955, 1956, and 1957. Such consistent substantial underpayment itself supports a finding of wilfulness. Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954); United States v. Procario, 356 F.2d 614 (2 Cir. 1966).

 Magnus argues that his acquittal on the failure to file counts required acquittal on the failure to pay counts as well, since the prosecution argued that Magnus must have known that he could expect no bills for taxes due because he must have known that he had filed no returns. It is settled that inconsistency between the verdicts of a jury on different counts is not a ground for reversal. Dunn v. United States, 284 U.S. 390, 393-394, 52 S.Ct. 189, 76 L.Ed. 356 (1932). In any event, as shown above, there was other substantial evidence that Magnus' failures to pay were wilful.

 Magnus' acquittal on the felony counts did not require acquittal on the failure to pay counts under the rationale of Sansone v. United States, 380 U.S. 343, 85 S.Ct. 1004, 13 L.Ed.2d 882 (1965). Sansone held that a lesser-included offense instruction, on wilfully failing to pay or any other misdemeanor under 26 U.S.C. § 7203, need not be given in a felony prosecution under 26 U.S.C. § 7201 if the only disputed element in the felony prosecution is wilfulness. Magnus contends that where Sansone would not require a lesser-included offense instruction if the felony count stood alone, the prosecution should not be allowed to go to the jury on both felony and misdemeanor counts. We need not decide whether this contention has merit, because Sansone would have required a lesser-included offense instruction here had the felony count stood alone. The Court stated in Sansone that "[a] lesser-included offense instruction is only proper where the charged greater offense requires the jury to find a disputed factual element which is not required for conviction of the lesser-included offense." 380 U.S. at

350, 85 S.Ct. at 1009. There was such a disputed factual element in this case: the existence of affirmative acts of evasion, required for the felony under Spies v. United States, 317 U.S. 492, 499, 63 S.Ct. 364, 87 L.Ed. 418 (1943). To establish such affirmative acts of evasion, the prosecution tried to prove that Magnus authorized Cummings to show purported file copies of his 1954, 1955, and 1956 personal income tax returns to revenue agents auditing the corporate returns of Magnus, Mabee & Reynard, Inc., of which Magnus was president and principal stockholder, and from which Magnus received a large portion of his income in salary and dividends. Magnus contends that these alleged affirmative acts of misrepresentation were undisputed, since he testified that "every member of our organization always has been instructed to be courteous and give information as required by the official requesting it, if he was an authorized official."

 Magnus' defense to all the charges against him, however, was that he believed that his returns had been filed and his taxes paid. If this defense were believed, Magnus' general directions to cooperate with revenue agents could not be interpreted as an authorization to represent falsely what, by hypothesis, Magnus believed to be true. Thus, contrary to Magnus' present contention, the existence of affirmative acts of evasion was clearly disputed. Indeed, the defense at trial did not concede that acts of evasion occurred. Therefore, if Magnus had been prosecuted only for the felony, he would have been entitled to a lesser-included offense instruction under the standard of Sansone. Even assuming, which we do not decide, that the prosecution must elect between the felony and a misdemeanor count in any case in which Sansone would not require a lesser-included offense instruction if the felony count stood alone, the prosecution was not required to elect in this case. Moreover, although the Sansone decision was announced more than two months before the trial in this case, the defense made

no motion for an election on this ground.[2] Since a motion on this ground requires a concession that conviction on the misdemeanor count would establish that affirmative acts of evasion occurred, fairness to the government requires that such a motion be made before the case goes to the jury.

█ Judge McLean charged that to show wilfulness under the failure to pay counts, "there must be a failure [to pay] with an evil motive, a want of justification in view of all the financial circumstances of the taxpayer." Magnus now urges that this charge was a prejudicial departure from the language of Spies v. United States, 317 U.S. 492, 498, 63 S.Ct. 364, 87 L.Ed. 418 (1943), stating that wilfulness must "include some element of evil motive *and* want of justification in view of all the financial circumstances of the taxpayer" (emphasis supplied). When the defense excepted to this charge at the trial, however, the trial court replied, "That is a direct quotation from the Spies case, an evil motive, a want of justification." It was incumbent upon the defense, if it thought the departure from the *Spies* standard material, to inform the trial court that *Spies* had not been quoted exactly. Moreover, since the words "an evil motive" stood first, and since the sentence as spoken may well have conveyed to the jurors a conjunction rather than a disjunction between "an evil motive" and "a want of justification," we are not convinced that the charge as given could have harmed appellant.

█ Magnus argues that the trial court should have charged the jury that his payment in full of his 1955, 1956, and 1957 taxes prior to his indictment might be considered in determining his wilfulness on the failure to pay counts. The defense did not ask for such an instruction before the trial court's charge. Magnus contends that Judge McLean

should nevertheless have added this charge, as he had charged at the prosecution's request that the later payment was not a defense to the failure to pay counts. We do not agree. Judge McLean had also charged the jury that it might consider all evidence before it which it believed to be material on the issue of wilfulness, and his refusal, when the defense requested this further instruction after the court's charge, to draw special attention to Magnus' later payment as evidence rebutting wilfulness was well within his discretion.

█ The prosecution was permitted to introduce evidence to show that Magnus had filed no federal income tax returns for the years 1948 to 1954, and that full payment of his federal taxes for these years was received only in 1959 and 1960. It was also permitted to introduce testimony that Magnus had filed New York State income tax returns, with payment, for the years 1946 to 1949, only after being notified in 1951 that the New York State tax authorities had no record of those returns. Magnus' prior taxpaying history, both federal and state, was probative of his wilfulness in failing to pay substantial amounts of federal taxes in 1955, 1956, and 1957. Cf. United States v. Klein, 340 F.2d 547 (2 Cir.), cert. denied, 382 U.S. 850, 86 S.Ct. 97, 15 L.Ed.2d 89 (1965). In particular, Magnus' experience with the New York State income tax not only might be considered to "bear upon his attitude toward the reporting and payment of taxes generally," United States v. Taylor, 305 F.2d 183, 185–186, 97 A.L.R.2d 791 (4 Cir.), cert. denied, 371 U.S. 894, 83 S.Ct. 193, 9 L.Ed.2d 126 (1962), but it also tended to show both that his failures to file returns and to pay taxes commenced before the hiring in 1949 of Cummings, on whom the defense sought to throw the onus of the failures, and that Magnus had been apprised that his arrangements for reporting and paying his income taxes failed to assure time-

---

2. In fact, the defense moved for an election on the ground that "the counts are wholly and completely inconsistent."

ly payment. We hold that this evidence was properly admitted to show wilfulness.

We have examined the other items of evidence objected to by the appellant, and hold that their admission was not error.

Affirmed.