**Frank V. ESPOSITO, Defendant-Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**UNITED STATES of America, Appellant,**

**v.**

**Frank V. ESPOSITO, Appellee.**

**Nos. 23088, 23159.**

United States Court of Appeals Ninth Circuit.

Aug. 19, 1969.

Frank Vincent Esposito, in pro per.

Joseph L. Ward, U. S. Atty., Las Vegas, Nev., Mervyn Hamburg, Atty., Dept. of Justice, Washington, D. C., for appellee.

Before CHAMBERS and BROWNING, Circuit Judges, and KILKENNY, District Judge [*]

---

[*] The Honorable John F. Kilkenny, United States District Judge for the District of Oregon, sitting by designation.

PER CURIAM:

With other persons, appellant was charged in three separate indictments with, (1) unlawful sale of heroin, 21 U.S.C. § 174, (2) unlawful sale of marihuana, 21 U.S.C. § 176a, and (3) another violation of § 176a. Initially, he pleaded not guilty to all three indictments. Appellant and his co-defendants were tried and convicted on the heroin charge. After this conviction, appellant and his co-defendants entered pleas of guilty to the marihuana indictments.

Subsequently, appellant filed motions [1] to vacate his sentences charging, (1) on the heroin conviction, that the judge gave an erroneous instruction on the entrapment defense and that neither the judge nor retained counsel advised appellant of his right to appeal, and (2) on the marihuana sentences, he charged that the judge failed to ascertain if the guilty pleas were made voluntarily with understanding of the nature of the charges.

On the heroin conviction, the judge reviewed the record, did not grant a hearing and denied the motion to vacate. He set aside the pleas of guilty and sentences in the marihuana cases because of failure of the trial judge to fully comply with the requirements of Rule 11, F.R.Crim.P. Appellant appeals from the denial of his heroin motion. The Government appeals from the granting of the motions in the marihuana cases.

The trial judge did not have the benefit of Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed. 2d 340 (June 2, 1969), when denying appellant's petition in the heroin case. We return the cause to him for a hearing in the light of that decision.

On the Government's appeal, the cause is remanded to the trial court with instructions to set aside its order and grant hearings to determine if guilty pleas were voluntarily made with full understanding of the nature of the charges and the consequences of the pleas. In setting aside the convictions, the trial judge relied on Heiden v. United States, 353 F.2d 53 (9th Cir. 1965). He did not have the advantage of Castro v. United States, 396 F.2d 345 (9th Cir. 1968), expressly limiting the effect of *Heiden*, to cases in which pleas of guilty were received prior to November 2, 1965. Here, the pleas were received on April 14, 1965.