**UNITED STATES of America,
Appellee,**

v.

**Adolpho RODRIQUEZ, Appellant.**

**No. 25489.**

United States Court of Appeals,
Ninth Circuit.

July 14, 1971.

Rehearing Denied Aug. 16, 1971.

■■■■■■■■■■■■

Robert E. Capron (argued), San Francisco, Cal., for appellant.

Bruce Babcock, Asst. U. S. Atty., Dwayne Keyes, U. S. Atty., Sacramento, Cal., for appellee.

Before HAMLEY and HUFSTEDLER, Circuit Judges, and JAMESON, District Judge.*

HAMLEY, Circuit Judge:

Adolpho Rodriquez appeals from his conviction on all counts of an eleven-count indictment charging a conspiracy to import and sell heroin, and concealment, facilitating the concealment, sale, facilitating the sale and facilitating the transportation of heroin, in violation of 21 U.S.C. § 174. The only issue raised on appeal which we find worthy of discussion, is whether, as defendant argues, the trial court erred in giving an inadequate and improper instruction on defendant's defense of entrapment.

■■■ The instruction given was erroneous under Notaro v. United States, 363 F.2d 169 (9th Cir. 1966). It incorrectly told the jury that the jury was not permitted to acquit on this defense unless it should *find* that the accused had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government. As stated in *Notaro,* defendant was also entitled to acquittal on this defense if, from the evidence, the jury, because of the entertainment of reasonable doubt, "should be unable to find that the necessary elements of the defense had not been excluded." 363 F.2d at 176.[1]

The Government concedes that the entrapment instruction is incorrect under *Notaro,* but advances reasons why the conviction should not, for this reason, be reversed. One of these reasons is that defendant was not prejudiced by the erroneous instruction because, since he did not admit that he had committed the offense, he was not entitled to the defense of entrapment. Defendant makes no response to this argument.

■■■ When defendant took the witness stand he did not admit the commission of the crime charged. In his closing argument, counsel for defendant questioned whether defendant did the acts charged and whether he had the requisite knowledge and intent. Under these circumstances, defendant was not entitled to the defense of entrapment. Chisum v. United States, 421 F.2d 207, 210 (9th Cir. 1970); Wright v. United States, 391 F.2d 542, 543 (9th Cir. 1968); Ortega v. United States, 348 F.2d 874 (9th Cir. 1964). An erroneous entrapment instruction is not ground for reversal where the defendant, having denied the commission of the offense, was not entitled to an entrapment defense. Javor v. United States, 403 F.2d 507, 508 (9th Cir. 1968).

■ Alternatively, it appears from the record that no specific objection on the burden of proof issue was ever made in the trial court, nor was a suitable alternative or additional instruction submitted to the court. In such circumstances, and in view of the fact that the record does not present a close question on the issue of entrapment, we decline to invoke the plain error rule to notice the flaw in the instructions. *See,* Esposito v. United States, 436 F.2d 603, 604 (9th Cir. 1970); Nordeste v. United States, 393 F.2d 335, 339–340 (9th Cir. 1968); Robison v. United States, 379 F.2d 338, 344–345 (9th Cir. 1967).

Affirmed.

---

* The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation.

1. As the trial herein commenced on April 29, 1963, and *Notaro* was not decided until July 11, 1966, the trial judge is not to be faulted for giving the instruction in question, which is nearly identical to the entrapment instruction contained in Mathes & Devitt, Federal Jury Practice and Instructions, § 10.12 (1st ed. 1965).