**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Kenneth L. SNOW,
Defendant-Appellant.**

No. 75–1056.

United States Court of Appeals,
Ninth Circuit.

Jan. 30, 1976.

Rehearing Denied March 31, 1976.

· Ray O. Womack (argued), Riverside, Cal., for defendant-appellant.

Herbert B. Hoffman, Asst. U. S. Atty. (argued), San Diego, Cal., for plaintiff-appellee.

OPINION

Before DUNIWAY and ELY, Circuit Judges, and SOLOMON,* District Judge.

PER CURIAM:

Snow was convicted on three counts of filing false federal income tax returns for the years 1968, 1969, and 1970. Int. Rev.Code of 1954, § 7206(1). Snow was also convicted on a fourth count of failing to file a return for 1971, Int.Rev. Code of 1954, § 7203, but the trial court later set aside that conviction. Snow appeals the three false-filing convictions.

* Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

He asserts that the trial court erroneously admitted evidence of his failure to file state and federal income tax returns. We affirm.

In February 1972, Snow filed a federal income tax return for 1968. This was the first time in at least 10 years that he filed a federal income tax return. In April 1972, Snow filed returns for 1969 and 1970. He did not file a return for 1971.

The returns that he filed were not only late, but also inaccurate. He materially understated his income and overstated his exemptions.

At the trial Snow blamed his accountant for the errors. Snow testified that he and Mrs. Snow hired Mrs. Peterson, an accountant, because the Snows were organizing a construction company. Snow said that he knew nothing about income taxes and that his wife managed the family finances. According to Snow, he and his wife signed blank federal returns for 1968, 1969, and 1970. They gave these returns to Mrs. Peterson to complete. They said that they saw no more of these returns.

Mrs. Peterson testified differently. She agreed that Mrs. Snow approached her to prepare a tax return for a construction business partnership that Snow was winding up. She said that Mrs. Snow told her that California state tax authorities had sent Snow an assessment of overdue taxes for 1968. Mrs. Peterson said that she advised the Snows to pay the assessment and to file federal returns because " . . . it would only be a matter of time 'til federal would know that they hadn't filed returns . . . ."

The Snows engaged Mrs. Peterson to prepare their federal income tax returns. Mrs. Peterson either gave or sent the 1968 return to the Snows. She testified that in April 1972 she delivered the completed 1969 and 1970 returns to the Snows at their home and that she explained and watched them sign the returns.

In this appeal Snow asserts that the court erred in admitting evidence of his failure to file federal income tax returns for the six years preceding 1968. Snow also asserts that the court erred in admitting evidence that in 1970 he received a notice of tax liability for 1968 from the State of California.

■ The evidence of Snow's failure to file returns for six years was admissible on count four, the failure-to-file count. The Court instructed the jurors that they might consider evidence of "an alleged earlier act of a like nature" only on the element of intent, and only if they first found "that the accused did the particular act charged in . . . the indictment . . . ."

Snow argues that his six-year failure to file was not conduct similar to, or probative of, his filing false returns. He says that failure to file is passive and filing false returns is active.

Snow's primary defense was that he was passive. He testified that he did not know anything about taxes and relied on either his wife or his accountant to file proper returns. Although evidence of his failure to file was consistent with his defense, he now complains that this evidence was prejudicial.

■ Even if Snow can properly raise this objection now, it must be rejected. Both the failure to file and false filing require proof of willfulness.[1] In *United States v. Bishop*, 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973), the Supreme Court gave willfulness the same meaning under failure to file as under false filing. In *United States v. Hawk*, 497 F.2d 365 (9th Cir.), *cert. denied*, 419 U.S. 838, 95

---

1. "Any person . . . who willfully fails to pay such . . . tax . . . shall . . . be guilty of a misdemeanor . . . ." Int.Rev.Code of 1954, § 7203.

"Any person who—(1) . . . [w]illfully makes and subscribes any return . . . which he does not believe to be true . . . shall be guilty of a felony . . . ." *Id.* § 7206.

S.Ct. 67, 42 L.Ed.2d 65 (1974), we held that in a failure to file case, evidence of false filing is relevant on the element of willfulness. We have not had occasion since *Bishop* to consider whether the reverse is also true.

In false filing cases, evidence of failure to file is admissible on the element of willfulness. *United States v. Magnus,* 365 F.2d 1007 (2d Cir. 1966), *cert. denied,* 386 U.S. 909, 87 S.Ct. 856, 17 L.Ed.2d 783 (1967), *Emmich v. United States,* 298 F. 5 (6th Cir.), *cert. denied,* 266 U.S. 608, 45 S.Ct. 93, 69 L.Ed. 465 (1924).[2]

 Evidence that in 1970 Snow received an assessment of his 1968 tax liability from the State of California, which he paid in December 1971, was also properly admitted. It was relevant on the issue of willfulness. *United States v. Magnus, supra.* It was also relevant on the issue of credibility. It tended to support Mrs. Peterson's testimony that she was engaged by the Snows to prepare their federal income tax returns after she told them that the Internal Revenue Service would soon learn of the state action. The Snows denied any correlation.

We believe the testimony on Snow's failure to file state and federal income tax returns was both relevant and admissible.

Affirmed.

**2.** Only *United States v. Long,* 257 F.2d 340 (3rd Cir. 1958), is to the contrary. *Long* was rejected in *United States v. O'Connor,* 433 F.2d 752, 755 (1st Cir. 1970), *cert. denied,* 401 U.S. 911, 91 S.Ct. 874, 27 L.Ed.2d 809 (1971).