UNITED STATES of America,
Plaintiff-Appellee,

v.

Wallace W. WATKINS,
Defendant-Appellant.

No. 78–2733.

United States Court of Appeals,
Ninth Circuit.

June 13, 1979.

Rehearing Denied July 27, 1979.

Norman Sepenuk, Portland, Or., for defendant-appellant.

Ronald H. Hoevet, Asst. U. S. Atty., Portland, Or., for plaintiff-appellee.

Before KILKENNY and SNEED, Circuit Judges, and WATERS,* District Judge.

SNEED, Circuit Judge.

Watkins appeals from his conviction after jury trial on three counts of tax evasion, 26 U.S.C. § 7201. He attacks the district court's admission of three types of evidence. Our jurisdiction is based on 28 U.S.C. § 1291. We affirm.

## I.

### Procedural History.

Appellant Watkins was indicted June 29, 1977 on five counts. Three counts alleged that he willfully attempted to evade taxes for the years 1971 through 1973; two counts charged Watkins and others with stealing, and conspiring to steal, timber owned by the United States. The trial court ordered separate trials for the timber theft counts and the tax evasion counts. The theft charges were tried first and a mistrial declared after the jury was unable to reach a verdict. Thereafter the tax evasion counts were tried, and the jury convicted Watkins on each of three counts of attempted tax evasion. The trial judge sentenced Watkins to two and one-half years' imprisonment and imposed a $5,000 fine.

## II.

### Alleged Errors of Trial Court.

Appellant in this appeal urges that his convictions should be reversed because the trial court erred in three respects. Concisely put, these alleged errors are as follows:

 I. The trial judge erred in admitting evidence of theft in the trial for tax evasion,

 II. The trial judge erred in admitting into evidence declarations of alleged co-conspirators,

 III. The trial court erred in admitting into evidence Watkins' failure to file federal income tax returns for the three successive years immediately preceding the first year for which tax evasion was charged.

* Hon. Laughlin E. Waters, United States District Court Judge for the Central District of California, sitting by designation.

We hold that no error was committed by the trial court. Each alleged error will be discussed separately.

## III.

### Evidence of Theft.

■ The government must carry the burden of proving an affirmative act of tax evasion to satisfy § 7201. *Spies v. United States,* 317 U.S. 492, 63 S.Ct. 364, 87 L.Ed. 418 (1943). *See United States v. McNulty,* 528 F.2d 1223 (9th Cir.), *cert. denied,* 425 U.S. 972, 96 S.Ct. 2170, 48 L.Ed.2d 796 (1976). The government asserted at trial and argues here that certain evidence of theft was relevant to one of the affirmative acts charged. Appellant requested exclusion of the evidence on the ground that he had conceded the only fact to which the evidence was relevant and that the prejudicial impact of the evidence outweighed its probative value.

To understand the evidence to which appellant objects it is necessary to describe a provision of the federal income tax law. Section 631(a) of the Internal Revenue Code accords income from timber operations special treatment. It is a special elective provision that allows a taxpayer who meets the section's criteria to treat the cutting of timber as the sale and exchange of a capital asset under section 1231.[1] The necessary criteria are: (1) the taxpayer must have owned or had a contract right to cut timber and sell it for his own account; (2) the taxpayer must have cut timber for sale on his own account; and (3) the taxpayer must have owned or held a contract right to the timber for more than six months before the beginning of the year. A taxpayer who cuts stolen timber fails to meet these criteria and cannot claim section 631(a) treatment, because he neither owns the timber nor has a contract right to cut or sell it in his own name.

■ It is undisputed that appellant harvested timber both in his own name and on behalf of other logging firms on a contractual basis. Through his accountant appellant presented the government with records of his timber business for 1973. Analysis thereof revealed that in 1973 appellant sold 1.4 million board feet of timber in excess of the amount he acquired through his logging operations. Again through his accountant appellant represented that the excess derived from cutting on a tract of land known as Sesech Gulch, which appellant had logged in his own behalf. The government theorized that instead the excess had been stolen by the appellant from the Ash Flat tract, which appellant had logged on behalf of another company. By falsely representing the source of the lumber, the government contended, Watkins sought to establish section 631 eligibility. Such conduct, the government concludes, constituted an affirmative act of tax evasion for purposes of § 7201.

At trial appellant's counsel repeatedly objected to the theft evidence. He stated that appellant did not dispute the volume figures presented by the government as the amount of timber for which appellant was entitled to claim section 631(a) treatment. These figures excluded the 1.4 million board feet which the government claims had been stolen. Defense counsel therefore argued the evidences' only purpose—to counter anticipated claims that the excess timber was harvested legally—no longer existed. But this evidence also was relevant to the inference to be drawn from appellant's statement that the excess timber volume must have come from Sesech Gulch. The government sought by the evidence not merely to show a substantial tax due and owing, but also to show that Watkins provided, through his accountant, false information in an effort to avoid tax.

---

1. Section 631 requires that a taxpayer make a binding election to employ its provisions on the return for the taxable year timber is cut. Such an election cannot be made on an amended return. Though it is arguable that Watkins may be precluded from the benefits of section 631(a) for civil purposes, the government conceded at trial that, for the purposes of a criminal case, Watkins would be allowed the benefits of that section as if he had made the requisite election in each year.

The admissibility of this evidence turns upon the interrelationship of four Federal Rules of Evidence. Fed.R.Evid. 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." This standard is clearly met; the evidence tends to establish the required "affirmative act." *See Edwards v. United States,* 375 F.2d 862, 866 (9th Cir. 1967), *overruled on other grounds, United States v. Bishop,* 412 U.S. 346, 93 S.Ct. 2008, 36 L.Ed.2d 941 (1973). Fed.R.Evid. 402, the second applicable Rule, provides that relevant evidence is admissible unless otherwise excludable. Fed.R.Evid. 404(b) permits evidence of other crimes, wrongs, or acts for a proper purpose, but prohibits the use of such evidence to prove a criminal disposition. *See United States v. McDonald,* 576 F.2d 1350 (9th Cir.), *cert. denied,* 439 U.S. 830 and 927, 99 S.Ct. 105 and 312, 58 L.Ed.2d 124 and 320 (1978). A proper purpose includes proof of a "plan" by which taxes were evaded. The evidence in question here served that purpose thereby overcoming any bar of Rule 404(b). However, despite the relevance of the evidence, and the inapplicability of a specific exception to admissibility, Rule 403 gives a trial judge discretion to exclude the evidence. Rule 403 reads:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

The striking of the balance between the probative value of particular evidence and the danger of prejudice. is unmistakably committed to the trial judge's discretion. *United States v. Riggins,* 539 F.2d 682, 683 (9th Cir. 1976), *cert. denied,* 429 U.S. 1045, 97 S.Ct. 749, 50 L.Ed.2d 758 (1977). *See United States v. Curtis,* 568 F.2d 643, 645–46 (9th Cir. 1978); *United States v. Butcher,* 557 F.2d 666, 670 (9th Cir. 1977). We defer to the trial judge's assessment in the absence of a clear abuse of this discretion. We cannot say that admission of the theft evidence was a clear abuse of discretion. The judge carefully instructed the jury as to the limited purpose for which the evidence was admitted. Prejudice may have been generated, but the balance struck was within the bounds of the trial judge's discretion.

## IV.

### Co-Conspirator Testimony.

■■ Appellant's argument that the trial judge erred in admitting testimony of alleged co-conspirators also fails. Appellant contends the government presented insufficient independent evidence connecting him to the alleged conspiracy. Such evidence is necessary under Fed.R.Evid. 801(d)(2)(E) to exclude statements of co-conspirators from the definition of inadmissible hearsay. To establish the exclusion there must exist "independent proof of the existence of the conspiracy and of the connection of the declarant and the defendant to it." *United States v. Eubanks,* 591 F.2d 513, 519 (9th Cir. 1979); *United States v. Weiner,* 578 F.2d 757, 768 (9th Cir.), *cert. denied,* 439 U.S. 981, 99 S.Ct. 568, 58 L.Ed.2d 651 (1978); *United States v. Snow,* 521 F.2d 730, 733 (9th Cir. 1975), *cert. denied,* 423 U.S. 1090, 96 S.Ct. 883, 47 L.Ed.2d 101 (1976). The trial judge makes the initial determination whether a sufficient foundation has been established to make the declarations admissible. *United States v. Eubanks, supra,* 591 F.2d at 519; *United States v. King,* 552 F.2d 833 (9th Cir. 1976), *cert. denied,* 430 U.S. 966, 97 S.Ct. 1646, 52 L.Ed.2d 357 (1977). However, the trial judge may admit the challenged statements conditionally, subject to a later motion to strike if the prosecution fails to establish the required foundation. *United States v. Eubanks, supra,* 591 F.2d at 519 n.6; *United States v. Weiner, supra,* 578 F.2d at 768. It is not controlling, therefore, whether sufficient independent evidence connecting appellant with the conspiracy existed at the time the trial judge made his first ruling

under Rule 801(d)(2)(E). The trial judge considered the sufficiency of the independent evidence before giving the case to the jury. Our review of the record convinces us that the government presented sufficient independent evidence of the "declarant's" and appellant's connection with a conspiracy to steal timber. We find no error in the admission of co-conspirator testimony.

## V.

### Prior Failure to File Returns.

 The prosecuting attorney, in his opening statement, told the jury that appellant had not filed income tax returns "since 1958," and that "the evidence will show that Mr. Watkins not only did not file federal income tax returns, he did not file Oregon income tax returns either." Subsequently the government did introduce evidence regarding the failure to file federal returns, but not state returns. The judge then struck testimony relating to appellant's failure to file federal returns prior to 1968. He instructed the jury to disregard the statements and evidence of the failure to file Oregon returns or federal returns other than after 1968 through 1971. In addition, the judge instructed the jury that the failure to file could be considered only as it bore upon appellant's intent.

Again, the relevant standard of review is "whether the district court abused its discretion when it decided that the tendency of the evidence in question to prove the essential elements of knowledge and intent outweighed its potential prejudice." *United States v. Rocha,* 553 F.2d 615, 616 (9th Cir. 1977). This court, in *United States v. Snow, supra,* 529 F.2d 224, upheld the admission of evidence of failure to file income tax returns in similar circumstances.[2] Appellant attempts to distinguish *Snow,* arguing that in *Snow* the prosecution presumably was able to show that the defendant had a *duty* to file returns in those years for which evidence of a failure to file was admitted. But no such requirement is evident in *Snow.*

We hold, therefore, that the trial judge did not abuse his discretion in allowing the jury to consider the evidence of nonfiling for three years prior to the first year of the indictment. His estimate of the probability of undue prejudice is entitled to great weight. *United States v. Pavon,* 561 F.2d 799, 803 (9th Cir. 1977). In addition, his instruction to the jury that they should disregard any evidence concerning the defendant's alleged failure to file state income tax returns and any evidence concerning the defendant's failure to file federal returns prior to 1968 eliminated any prejudice that may have stemmed from the prosecutor's opening statement. *See United States v. Pavon, supra,* 561 F.2d at 803.

AFFIRMED.

---

**2.** The defendant in *Snow* had been charged with filing false individual returns for 1968 through 1970 and failing to file an individual return for 1971. The trial judge admitted evidence that the defendant had failed to file a federal individual return for the six years preceding 1968. In addition, he admitted evidence that the defendant had received notice of state tax liability in 1968. This court held that evidence of the defendant's failure to file federal and state income tax returns in pre-prosecution years was properly admissible as relevant to the issue of willfulness.