**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Douglas Chew Kam TOM,
Defendant-Appellant.**

No. 80–1229.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 1980.

Decided March 12, 1981.

James Blanchfield, Blanchfield & Chikamoto, Honolulu, Hawaii, on briefs, for defendant-appellant.

Elliott Enoki, Asst. U. S. Atty., Honolulu, Hawaii, on brief, for plaintiff-appellee.

Before WRIGHT, CHOY, and ANDERSON, Circuit Judges.

CHOY, Circuit Judge:

The defendant appeals from his conviction for distribution of cocaine, alleging error in the admission at trial of evidence of his prior drug conviction and in the form of the instruction to the jury on entrapment. We affirm the conviction.

## I. *Facts*

On two separate occasions in 1979, the defendant, Douglas Chew Kam Tom ("Tom"), sold quarter-ounce portions of cocaine to an undercover agent. Tom was convicted by jury of two counts of distributing cocaine. Tom admits that the cocaine sales took place, but claims that he was a "hapless clutz" entrapped by a Drug Enforcement Administration ("DEA") agent and an informer. Thus the major issue at trial was whether Tom was entrapped by the DEA, or whether he was predisposed to commit the offense of distributing cocaine.[1]

## II. *The Prior Conviction Testimony*

Tom's long-time girlfriend, Ms. Rogers, testified in support of the defense theory that Tom was not predisposed to sell cocaine. Ms. Rogers testified under direct examination that she had never known Tom to deal in drugs. The prosecution then elicited, over objection, Rogers' admission that she was aware of Tom's prior drug conviction.[2]

The relevant defense testimony was:

Q. Now you have lived with Doug for quite some time. Have you found any drugs at home as a result—drugs that belonged to Doug?

A. No.

Q. Do you know if Doug actually deals with drugs?

A. No, he doesn't.

Q. You have never known him to deal in drugs?

A. No.

Q. You ever heard—you ever heard—you ever hear Doug talking about making money from drugs.

---

1. "Entrapment is established when it is shown that a government agent has persuaded an unwilling person to commit a crime. The crucial factor is the predisposition of the defendant rather than the degree of government participation." *United States v. Esquer-Gamez*, 550 F.2d 1231 (9th Cir. 1977).

2. In 1974, five years prior to the instant offense, Tom was found guilty in state court of distribution of cocaine and hashish.

A. No.

The prosecution then elicited the following on cross-examination:

Q. So, your testimony isn't that he didn't deal in drugs. It's just that you didn't see him deal in drugs, is that it?

A. I wasn't aware that he ever did, except for that one conviction.

Q. Well, you testified you weren't aware of him dealing at all, isn't that correct?

A. Well—

Q. Since your testimony—didn't you mean that you didn't see him dealing in drugs? Is that what you meant?

A. I didn't see him dealing in drugs, and I wasn't aware that he did after that time. It was so long ago. We weren't together then—I mean—

The trial judge ruled that the prior conviction was too old to be relevant for any purpose other than impeachment. The judge acknowledged the prejudicial effect of allowing the questions regarding the prior conviction, but felt compelled to allow the questioning in light of Rogers' testimony indicating that she did not know Tom to "deal in drugs."

■ Tom argues that the prior conviction had little or no relevance and, therefore, under Rule 403 of the Federal Rules of Evidence the trial judge should have refused to allow cross-examination on that subject. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." The trial court's decision to admit evidence under Rule 403 is subject to reversal only if it constitutes an abuse of discretion. *United States v. Watkins*, 600 F.2d 201 (9th Cir.) *cert. denied*, 444 U.S. 871, 100 S.Ct. 148, 62 L.Ed.2d 96 (1979).

■ Tom claims that the trial judge abused his discretion in admitting the challenged evidence because that evidence did not directly impeach Rogers' testimony, and therefore it had little or no probative value. In *United States v. Bosley*, 615 F.2d 1274 (9th Cir. 1980), the defendant was asked whether he delivered cocaine during the course of a particular alleged conspiracy. He responded that he "delivered no cocaine." The prosecution then introduced evidence to show that the defendant had, on an unrelated occasion, delivered cocaine to a certain individual. This court reversed, finding, among other things, that the defendant had not meant to say "that he has never, ever, delivered cocaine to anybody" but rather that he delivered no cocaine in the course of the alleged conspiracy. *Id.* at n.2. Thus the impeaching evidence was improper.

The defendant attempts to analogize the facts in *Bosley* to those of the instant case. Here witness Rogers never directly denied knowledge of any prior conviction of Tom's, and yet the prosecution was allowed to cross-examine her regarding the conviction. This differs from the impeaching evidence in *Bosley*, however, because here the questions regarding the prior conviction did tend to impeach the witness.

Ms. Rogers testified that she had known Tom for several years and that she had never known him to deal in drugs. That she knew of Tom's prior drug conviction does tend to cast doubt upon the truthfulness of her testimony. The impeaching evidence did indicate that Rogers was not presenting an accurate picture of her knowledge of Tom's drug involvement; thus it was relevant to credibility.

The testimony was, as the trial judge recognized, highly prejudicial. This is especially true given defendant's reliance on the defense of entrapment. He needed to show doubt as to whether he was predisposed to drug dealing. The jury may well have improperly inferred predisposition from the past conviction.[3] The trial court went through the Rule 403 balancing analysis and decided that the impeaching testimony

**3.** The trial judge ruled that the prior conviction was too old to be relevant to the question of predisposition.

was too pertinent to credibility to be excluded.[4] This balancing of probative value against prejudice is committed to the trial court. *United States v. Watkins, supra,* at 204. It cannot be said that an abuse of discretion occurred here.

The trial judge attempted to limit the prejudicial effect of the testimony by carefully instructing the jury to ignore the prior conviction when considering the predisposition issue. Rogers was a crucial defense witness and it was important that the jury fully evaluate her credibility. Given these facts, the trial court's decision to admit the prejudicial but probative evidence of Tom's prior conviction did not constitute an abuse of discretion.

### III. *The Jury Instruction on Entrapment*

The trial judge instructed the jury on the entrapment issue as follows:

The defendant asserts that he was a victim of entrapment as to the offense charged in the indictment. Where a person has no previous intent or purpose to violate the law, but is induced and persuaded by law enforcement officers or their agents to commit a crime, he is the victim of entrapment, and the law, as a matter of policy, forbids his conviction in such a case.

On the other hand, where a person already has the willingness and the readiness to break the law, the mere fact that government agents provide what appears to be a favorable opportunity is not entrapment. Inducement by law enforcement officials may take many forms, including persuasion, fraudulent representations, threats, coercive tactics, harassment, promises of reward or pleas based on need, sympathy, or friendship. A solicitation, request or approach by law enforcement officers to engage in criminal activity standing alone is not an inducement. Law enforcement officials are not precluded from utilizing artifice, stealth, and stratagem, such as the use of decoys and undercover agents in order to apprehend persons engaged in criminal activities, provided that they merely afford opportunities or facilities for the commission of the offense by one disposed or ready to commit it.

If you find evidence—from the evidence in this case that the defendant was induced to commit the offense charged, you must go on to consider whether or not the defendant was predisposed to commit the offense—that is, whether he was ready and willing to commit crimes, such as those alleged in the indictment—whenever an opportunity was afforded.

In determining whether the defendant has a predisposition to commit the crime charged, you need not find that he was involved in any prior offenses or criminal conduct. If you find beyond a reasonable doubt that the defendant was predisposed to commit such an offense, then you should find that the defendant was not a victim of entrapment. However, if the evidence in the case leaves you with a reasonable doubt whether the defendant was predisposed to commit the offense, then you must find him not guilty.

---

4. The trial judge stated in a bench conference:

Well, gentlemen, the way I feel about this matter is that the witness has testified that she doesn't know anything about the prior sales of the defendant. Now I think if she has lived with him for 8 years and he had a prior conviction, that this goes a long way to impeach her testimony—to impeach her as a witness, and I think the government is entitled to do it.

Now I realize that it's highly prejudicial, and I will instruct the jury that—and I'm afraid it won't do as much good as I wish it would—but I would instruct the jury that it's being admitted only for the purpose of impeaching this witness, and that they should not consider it as any indication that this defendant is or was disposed to deal in drugs on these two occasions. I realize it's a very sensitive area and a very sensitive inflammatory bit of evidence, but it seems to me that in view of the witness' testimony the Court almost has to admit it.

The judge later added:

It's the Court's duty to restrict any prejudicial material as far as it can, and we realize at this point we're doing considerable weighing as to whether or not the prejudicial effect is so great as to overweigh and outweigh the necessity of it being admitted for . . . governmental purposes.

This instruction followed an extended in-chambers discussion as to its form. Defense counsel expressed his opinion that the instruction should be kept short and simple to avoid confusion of the jury. He did not, however, make any specific objection to the content of the instruction, as required by Rule 30 of the Federal Rules of Criminal Procedure to preserve the right to appeal.

After all the instructions were read, the prosecutor approached the bench to suggest further clarification of the entrapment instruction. Accordingly, the trial judge added the following statement:

> In summary, then—consider I've just read you the entrapment instruction. In summary, then, if you find no evidence that the government induced the defendant to commit the crime with which he is charged here, there can be no entrapment.
>
> On the other hand, if you find some evidence that the defendant was induced to commit the offense with which he is charged, you must then go on to consider if the defendant was predisposed to commit the offense. If you find beyond a reasonable doubt that the defendant was predisposed to commit such an offense, then you should find that the defendant was not a victim of entrapment. However, if the evidence in the case leaves you with a reasonable doubt whether the defendant was predisposed to commit the offense, then you will find him not guilty.
>
> It's a little elaboration of what I already told you.

Defense counsel made no objection to the additional language. Because no specific objection was made below, the defendant may not now challenge the sufficiency of the instruction except to the extent that it constituted plain error. *See Nordeste v. United States*, 393 F.2d 335, 339–40 (9th Cir.), *cert. denied*, 393 U.S. 878, 89 S.Ct. 178, 21 L.Ed.2d 151 (1968); *Esposito v. United States*, 436 F.2d 603, 604 (9th Cir. 1970).

■ We note that an "improper instruction rarely justifies a finding of plain error." *United States v. Glickman*, 604 F.2d 625, 632 (9th Cir. 1979), *cert. denied*, 444 U.S. 1080, 100 S.Ct. 1032, 62 L.Ed.2d 764 (1980).

■ The defendant claims that the language of the instruction was "wordy and unwieldly," and that the belated addition of further instruction on the entrapment question was confusing to the jury. While the instruction on this difficult area of law may not have been a model of clarity, it was not confusing to the point of plain error.

■ The defendant also contends that the instruction did not correctly state the burden of proof. Once the trial judge determines that the issue of entrapment exists, the burden is on the prosecution to prove beyond a reasonable doubt that the defendant was not entrapped. *Notaro v. United States*, 363 F.2d 169, 175 (9th Cir. 1966). The language in the instruction given sets forth the burden of proof sufficiently to avoid a finding of plain error.

The trial judge, in his general instructions, clearly stated that the burden of proof rested at all times upon the prosecution.[5] Because all the instructions must be read as a whole, this general instruction must be read together with the entrapment instruction. *See United States v. Federbush*, 625 F.2d 246, 255 (9th Cir. 1980). In the entrapment instruction itself, the court repeated the reasonable-doubt standard

---

**5.** The general instructions stated in part:

> The law presumes that a defendant in a criminal case is innocent of a crime. Thus, the defendant, although accused, begins the trial were [sic] a clean slate, were [sic] no evidence against him, and the law permits nothing but legal evidence presented before the jury to be considered in support of any charge against the accused. So, the presumption of innocence alone is sufficient to acquit a defendant, unless the jurors are sat-

isfied beyond a reasonable doubt of the defendant's guilt after a careful and an impartial consideration of all the evidence in the case.

. . . The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon the defendant in a criminal case the duty or burden of calling any witness or producing any evidence.

several times in discussing the predisposition element of entrapment. While the instruction did not restate the burden, for instance, by emphasizing that "the government has the burden of proving beyond a reasonable doubt that the defendant was not entrapped," the general instructions combined with the specific reasonable-doubt language on the crucial element of entrapment—predisposition—did not at any time suggest that the burden was upon the defendant.

The instruction in this case is distinguishable from the instruction successfully challenged in *Notaro v. United States*, 363 F.2d 169 (9th Cir. 1966). In *Notaro*, the instruction stated in part:

> On the other hand, if the jury should find from the evidence in the case that the accused had no previous intent or purpose to commit any offense of the character here charged, and did so only because he was induced or persuaded by some agent of the Government, then the defense of unlawful entrapment is a good defense and a jury should acquit the defendant. (emphasis omitted.)

*Id.* at 173.

This statement was not followed by a clarification of the burden of proof. Thus it could reasonably have been understood to require an affirmative finding of entrapment in order for the defense to succeed, rather than a mere finding of reasonable doubt. The instruction in the instant case does not place such an affirmative burden on the defendant. Finding no inadequacy in the burden of proof language of the instruction we see no occasion to review it under the plain error doctrine.

IV. *Conclusion*

Neither the admission of testimony regarding Tom's prior conviction, nor the form of the entrapment instruction, constitutes reversible error. The conviction is AFFIRMED.

The mandate will issue forthwith.